**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| JACINTA DANKS,<br><br>*Plaintiff*,<br><br>v.<br><br>PHILLIP GRAYSON, DANIEL GRAYSON, CHASE LAWLER, NICHOLAS GAGLIANO, NATHAN HODGES, JOSHUA ZURITA, BRITTANY MAYER, JEFFREY FITZMORRIS, BRANDON MCCORMICK, VICTORIA SCHOEN, MICHAEL J. GLASER, and THE CITY OF KENNER,<br><br>*Defendants*. | ) | CIVIL ACTION NO. 2:21-cv-1806<br><br>Judge Carl J. Barbier<br><br>Magistrate Judge Janis van Meerveld |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RULE 56(d) MOTION TO STAY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 3

LEGAL STANDARDS ................................................................................................ 4

ARGUMENT ............................................................................................................ 5

I. THE 56(d) MOTION SHOULD BE GRANTED BECAUSE THERE HAS BEEN VIRTUALLY NO DISCOVERY IN THIS CASE ........................................ 5

II. PLAINTIFF NEEDS FURTHER DISCOVERY TO RESPOND TO DEFENDANTS' MOTION .................................................................... 7

A. Additional Discovery Is Needed Regarding the Excessive Force Claim ............... 8

1. Fact-Intensive Discovery Is Necessary Before Considering Defendant's *Heck* Argument ........................................................ 9

2. Additional Discovery is Necessary to Determine Whether the Officers Acted Reasonably and Are Entitled to Qualified Immunity ....... 10

B. Additional Discovery Is Needed Regarding the *Monell* Claim ........................... 12

C. Additional Discovery Is Needed Regarding Remaining Claims and Facts .......... 14

CONCLUSION ........................................................................................................ 16

## TABLE OF AUTHORITIES

### CASES

*AIU Insurance Co. v. Tig Insurance Co.*,
No. 07CIV.7052 SHS HBP, 2010 WL 850181 (S.D.N.Y. Feb. 11, 2010) .......................... 6

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .......................... 11

*Benchmark Electronics, Inc. v. J.M. Huber Corp.*,
343 F.3d 719 (5th Cir. 2003) .......................... 4, 5

*Blackwell Publishing, Inc. v. Excel Research Grp., LLC*,
No. 07-12731, 2008 WL 506329 (E.D. Mich. Feb. 22, 2008) .......................... 7

*Bush v. Strain*,
513 F.3d 492 (5th Cir. 2008) .......................... 9

*Converse v. City of Kemah, Texas*,
No. 3:15-CV-00105, 2021 WL 5811726 (S.D. Tex. Dec. 7, 2021) .......................... 7

*Crawford v. Hyatt Corp.*,
No. CV 18-3847, 2019 WL 1767229 (E.D. La. Apr. 22, 2019) .......................... 4

*Culwell v. City of Fort Worth*,
468 F.3d 868 (5th Cir. 2006) .......................... 4

*Graham v. Connor*,
490 U.S. 386 (1989) .......................... 11

*Heck v. Humphrey*,
512 U.S. 477 (1994) .......................... 8

*Hunsinger v. SKO Brenner Am., Inc.*,
No. 3:13-cv-0988-D, 2014 WL 1462443 (N.D. Tex. Apr. 15, 2014) .......................... 4

*Int'l Shortstop, Inc. v. Rally's, Inc.*,
939 F.2d 1257 (5th Cir. 1991) .......................... 4, 14

*Kitchen v. Dallas County*,
759 F.3d 468 (5th Cir. 2014) .......................... 10

*Mitsui Sumitomo Insurance Co. (H.K.) Ltd. v. P&O Ports Louisiana, Inc.*,
No. CIV A 07-1538, 2007 WL 2463308 (E.D. La. Aug. 28, 2007) .......................... 5

*Scott v. Harris*,
550 U.S. 372 (2007) .......................... 11

*Smith v. Los Angeles Unified Sch. Dist.*,
No.CV162358PSGRAOX, 2017 WL 10562961 (C.D. Cal. June 9, 2017) .......................... 7

*Stark v. Univ. of S. Miss.*,
No. 2:13CV31-KS-MTP, 2013 WL 5563767 (S.D. Miss Oct. 8, 2013) ........................4, 5

*Taylor v. Hartley*,
488 F. Supp. 3d 517 (S.D. Tex. 2020) ..................................................................4, 5

*Washington v. Allstate Ins. Co.*,
901 F.2d 1281 (5th Cir. 1990) ..................................................................................4

**STATUTES**

42 U.S.C. § 1983 ..........................................................................................................3

Plaintiff Jacinta Danks ("Ms. Danks" or "Plaintiff"), through undersigned counsel, respectfully submits this Memorandum of Law in support of her motion pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d) Motion") to stay the summary judgment portion of the Motion to Dismiss for Failure to State a Claim; Alternatively, Motion for Summary Judgment ("Motion" or "Mot."), ECF No. 50, filed by Defendants City of Kenner, Police Chief Michael J. Glaser, Phillip Grayson, Daniel Grayson, Chase Lawler, Nicholas Gagliano, Nathan Hodges, Joshua Zurita, Brittany Mayer, Jeffrey Fitzmorris, Brandon McCormick, and Victoria Schoen (collectively, "Defendants") on July 26, 2022.[1] Plaintiff's Rule 56(d) Motion should be granted, and the summary judgment portion of Defendants' Motion[2] should be denied and/or stayed pending the close of discovery.

## INTRODUCTION

After successfully moving to stay the instant action for more than three months and postponing their responses to Plaintiff's written discovery requests on multiple occasions, Defendants now attempt to rush the Court into deciding a summary judgment motion before giving Plaintiff a fair opportunity to conduct discovery, and before even ruling on Defendants' simultaneous Motion to Dismiss for Failure to State a Claim. *See* ECF Nos. 25, 30, 50. Defendants' brief on both motions purports to compare "What Plaintiff Alleges in Her First Amended Complaint," Mot. at 3, with Defendants' version of "What Really Happened," Mot. at 4. But Defendants' version of events has never been tested in discovery.

---

[1] Defendants mix Rule 12(b)(6) and Rule 56 arguments throughout the Motion. Plaintiff presumes that Defendants are making a summary judgment argument whenever they reference summary judgment or rely on materials outside the four corners of the Amended Complaint.

[2] All subsequent references to Defendants' Motion concern only the summary judgment portions of the Motion.

Simply put, this is not how civil litigation is supposed to work. Arguments such as Defendants, based on lawyer-crafted affidavits and selective snippets of records, are not properly considered to be "what really happened" by any Court when the other party has had no meaningful opportunity to conduct discovery, and Defendants cite no authority supporting their shotgun approach. Rather, rushed summary judgment motions before discovery has been conducted are widely disfavored, and here Plaintiff has received virtually no discovery. Defendants' Motion throws together a handful of self-serving affidavits that Plaintiff has not had the opportunity to challenge or contest. Furthermore, the affidavits themselves demonstrate the pressing need for discovery. As just one example, beneath obviously carefully crafted language, Defendants do not deny the key aspects of Ms. Danks' claim that she was thrown to the ground, stepped on so she could not move while she was handcuffed on the ground, and that her pants were down for an extended period while her cries for help were ignored. Plaintiff must be allowed the opportunity to inquire into both what is stated in the affidavits, and what is unstated.

To the extent Defendants seek summary judgment, their Motion is premature. Ms. Danks should be permitted to conduct the discovery necessary to prove her case and to address the factual issues raised by Defendants' affidavits. Indeed, as discussed within, courts around the country have recognized that before deciding summary judgment a party should be given the opportunity to depose anyone who submitted an affidavit in support of a motion. Ms. Danks has been afforded no such opportunity here. Accordingly, Ms. Danks submits that her Rule 56(d) Motion should be granted, and to the extent that it seeks summary judgment, Defendants' Motion should be stayed until the close of discovery.[3]

---

[3] Counsel for the Plaintiff reached out to defense counsel and provided case law showing that Defendants' summary judgment motion was inappropriate at this time and should be withdrawn. Defense counsel nevertheless refused to withdraw the motion for summary

(continued...)

## BACKGROUND

Plaintiff Jacinta Danks filed her initial Complaint on September 30, 2021, alleging several causes of action, including violations of the Civil Rights Act, 42 U.S.C. § 1983, based on an incident in which she was slammed to the ground by City of Kenner police officers and pinned by an officer's foot while her pants were pulled down and her private parts exposed to onlookers as she begged for help. ECF No. 1. On December 3, 2021, the day that their answer to the initial Complaint was due, Defendants instead filed a motion to stay the action pending the resolution of Ms. Danks' criminal trial. ECF No. 25. This Court granted the motion in part on January 12, 2022, ordering that the case be stayed as to depositions and responses to written discovery until after the resolution of the criminal trial. ECF No. 30. Ms. Danks served a first set of requests for production of documents on Defendants on March 28, 2022. Burkhardt Decl. ¶ 3.

Ms. Danks' criminal trial was resolved on April 21, 2022, ending the discovery stay and setting the deadline for Defendants' responses to document requests as May 20, 2022. Defendants responded to the document requests on June 29, 2022 and July 6, 2022, but only by largely producing the same documents that were already produced in response to prior public records requests. Burkhardt Decl. ¶ 4. Due to her criminal conviction, and in order to avoid a *Heck* challenge, Ms. Danks filed an Amended Complaint on June 29, 2022, ECF No. 46, removing her claim for unlawful arrest but maintaining her excessive force and state law claims. On July 18, 2022, Plaintiff served Defendants with her First Set of Interrogatories and First Set of Requests for Admission. Burkhardt Decl. ¶ 5. Defendants have yet to respond to Ms. Danks' outstanding

judgment. Declaration of Mikaela Burkhardt ("Burkhardt Decl.") ¶ 12, filed concurrently herewith.

written discovery.[4] *Id.* ¶ 10. To date, no depositions have been taken, or even scheduled. *Id.* Discovery is not scheduled to close until February 28, 2023. ECF No. 41.

**LEGAL STANDARDS**

The Fifth Circuit has counseled against granting a "motion for summary judgment without affording the adversary 'an opportunity to conduct discovery.'" *Taylor v. Hartley*, 488 F. Supp. 3d 517, 528 (S.D. Tex. 2020) (quoting *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003)). It is also well-established that "[a] nonmoving party, believing that it needs more time to obtain discovery to respond satisfactorily to a motion for summary judgment, can seek the shelter of [Rule 56(d) of the Federal Rules of Civil Procedure]." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991). Rule 56(d) "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)); *see also Hunsinger v. SKO Brenner Am., Inc.*, No. 3:13-cv-0988-D, 2014 WL 1462443, at *11 (N.D. Tex. Apr. 15, 2014) ("[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions.") (citation omitted).

"Such motions are broadly favored and should be liberally granted." *Culwell*, 468 F.3d at 871; *see also Crawford v. Hyatt Corp.*, No. CV 18-3847, 2019 WL 1767229, at *2 (E.D. La. Apr. 22, 2019) (same). The bar set by Rule 56(d) is "not so high." *Stark v. Univ. of S. Miss.*, No. 2:13CV31-KS-MTP, 2013 WL 5563767, at *6 (S.D. Miss Oct. 8, 2013).

---

[4] Plaintiff is refiling this motion, originally filed on August 16, 2022, to correct a document deficiency pursuant to the Court's instruction on August 17, 2022. Just as Plaintiff was preparing to refile this Motion, Defense counsel served responses to Plaintiff's outstanding Requests for Admission. Plaintiff has not yet had the opportunity to review Defendants' responses.

## ARGUMENT

Ms. Danks' Rule 56(d) Motion should be granted because there has been no real opportunity to conduct discovery in this case, she has not deposed any of the individuals who submitted affidavits in support of Defendants' Motion, and she needs such discovery in order to fairly respond to the Motion. Accordingly, to the extent that it seeks summary judgment, Defendants' Motion should be denied as premature or stayed until the close of discovery.

### I. THE 56(d) MOTION SHOULD BE GRANTED BECAUSE THERE HAS BEEN VIRTUALLY NO DISCOVERY IN THIS CASE

The instant Rule 56(d) Motion is easily resolved because there has been no meaningful discovery in this case. Defendants moved to stay the case just two months after the Complaint was filed and on the day their answer was due. ECF No. 25. In addition to the time necessary for the stay motion to be decided, ECF No. 30, the case was under a partial stay order for over three months, *see supra* at 3. Thus, although several months may have passed, this case is still in its infancy in terms of discovery. Defendants have not responded to the *First* Interrogatories or *First* Requests for Admission, let alone sat for depositions, and the documents they produced are largely duplicative of a document production they made in response to earlier public records requests. Burkhardt Decl. ¶¶ 4, 10.

Simply put, Defendants should not be permitted to avoid meaningful participation in the discovery process and then turn around and move for summary judgment based on nothing more than their own say-so. Ms. Danks is entitled to "an opportunity to conduct discovery," *Taylor*, 488 F. Supp. 3d at 528 (quoting *Benchmark*, 343 F.3d at 725), and the Court should decline to consider a motion for summary judgment at this "early point in the litigation," *Mitsui Sumitomo Insurance Co. (H.K.) Ltd. v. P&O Ports Louisiana, Inc.*, No. CIV A 07-1538, 2007 WL 2463308, at *2 (E.D. La. Aug. 28, 2007); *see also Stark*, 2013 WL 5563767, at *6 (noting practice of granting "requests

to conduct discovery prior to the resolution of summary judgment motions when the motions were filed in the early stages of litigation and/or substantial time remained to conduct discovery"); *AIU Insurance Co. v. Tig Insurance Co.*, No. 07CIV.7052 SHS HBP, 2010 WL 850181, at *12 (S.D.N.Y. Feb. 11, 2010) ("a number of cases have held that summary judgment should be denied when the only evidence supporting the motion is the affidavit of an undeposed witness") (collecting cases).

The absurdity of Defendants' position is laid bare by the fact that they rely on lawyer-crafted affidavits that raise more questions than they answer, as well as selective snippets of prior testimony from Ms. Danks' criminal matter that do not bear on Ms. Danks' claims. In fact, the affidavits of the Grayson brothers in particular—even taken at face value—raise several questions about the sequence of events that took place. For example, with respect to the affidavits, despite obviously having been carefully drafted by Defendants' counsel, nowhere in the affidavits do Defendants deny that Ms. Danks was thrown to the ground after being removed from the vehicle in which she was a passenger, or that an officer then pressed his foot into her back so that she could not move, or that the violence with which she was handled caused her pants to come down and no one pulled them up for an extended period, despite her pleas for help. Defendants P. Grayson and D. Grayson do not dispute they were present at the scene, they would know this. In addition, Defendant Philip Grayson contradicted the police report prepared at the time of the incident in his testimony given at Ms. Danks' criminal trial approximately two and a half years later.[5] While not exhaustive, even just these examples illustrate why the granting of summary judgment on such a record would be wholly inappropriate here. Indeed, courts have found that when a defendant submits an affidavit in support of a motion for summary judgment of an undeposed affiant,

---

[5] *See* ECF No. 50-6 at 32:19-33:8.

"[w]ithout question, Plaintiffs should be allowed to depose Defendants." *Converse v. City of Kemah, Texas*, No. 3:15-CV-00105, 2021 WL 5811726, at *2 (S.D. Tex. Dec. 7, 2021); *see also Smith v. Los Angeles Unified Sch. Dist.*, No.CV162358PSGRAOX, 2017 WL 10562961, at *2 (C.D. Cal. June 9, 2017) (Rule "56(d) relief is warranted when the moving party files a declaration in support of summary judgment but does not make the declarant available for cross-examination to the non-moving party."). Indeed, "it is axiomatic that when a party files an affidavit or declaration in support of a motion for summary judgment under Fed. R. Civ. P. 56, the opposing party has the right to depose the affiant or declarant on the assertions made." *Blackwell Publishing, Inc. v. Excel Research Grp., LLC*, No. 07-12731, 2008 WL 506329, at *1 (E.D. Mich. Feb. 22, 2008). Thus, at a minimum, Plaintiff should be permitted to depose each of the ten individuals who submitted an affidavit in support of the Motion prior to responding to the Motion.

This Court should protect Ms. Danks' right to conduct basic discovery prior to addressing summary judgment.

## II. PLAINTIFF NEEDS FURTHER DISCOVERY TO RESPOND TO DEFENDANTS' MOTION

Defendants' premature Motion requests summary judgment on the following claims: (1) Plaintiff's 42 U.S.C. § 1983 Excessive Force claims against Defendants P. Grayson, D. Grayson, and Lawler (Count I); (2) Plaintiff's 42 U.S.C. § 1983 Failure to Intervene Claims against Joshua Zurita, Nathan Hodges, Jeffrey Fitzmorris, Brandon McCormick, Nicholas Gagliano, Victoria Schoen, and Brittany Mayer (collectively, the "Bystander Defendants") (Count II);[6] (3) Plaintiff's 42 U.S.C. § 1983 *Monell* Liability for Failure to Train Claims against the City of

[6] Plaintiff has agreed to voluntarily dismiss the claims against the Bystander Defendants. Thus, the Motion as to the Bystander Defendants is moot and, for the purposes of this motion, will not be addressed.

Kenner and Police Chief Glaser (Count III); (4) Plaintiff's Assault Claims against Defendants P. Grayson, D. Grayson, and Lawler (Count V); (5) Plaintiff's Battery Claims against Defendants P. Grayson, D. Grayson, and Lawler (Count VI); (6) Plaintiff's Conversion Claims against Defendants P. Grayson, D. Grayson, and Lawler (Count VII); and (7) Plaintiff's Vicarious Liability Claims against the City of Kenner and Police Chief Glaser (Count XI).[7] However, Defendants' Motion relies on either disputed facts or bald assertions for which Ms. Danks should be permitted to conduct discovery.

**A. Additional Discovery Is Needed Regarding the Excessive Force Claim**

Addressing summary judgment on Plaintiff's Fourth Amendment Excessive Force claim against Defendants P. Grayson, D. Grayson, and Lawler would be premature at this time. Defendants' Motion relies on disputed and/or untested factual assertions in support of their arguments that the excessive force claims are either barred under the doctrine enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994) or subject to a qualified immunity defense. Defendants assert that Ms. Danks cannot show the facts required to prevail on her excessive force claims, but Ms. Danks has not yet been afforded the opportunity to obtain discovery regarding the facts relevant to the doctrines that Defendants claim warrant summary judgment here. Ms. Danks must be permitted to conduct discovery related to the facts necessary to prevail on her claims as to these issues.

[7] As noted in footnote 1, Plaintiff, by way of this 56(d) Motion, is only addressing the arguments in Defendants' Motion which reference "summary judgment" or rely on materials outside the four corners of the Amended Complaint. For that reason, Plaintiff has not included a response here to Defendants' arguments concerning the claims for Declaratory Judgment (Count IV); Intentional Infliction of Emotional Distress (Count VIII); Negligent Infliction of Emotional Distress (Count IX); and Negligence (Count X). Plaintiff will respond to Defendants' arguments concerning those claims in its opposition to Defendants' motion to dismiss.

### 1. Fact-Intensive Discovery Is Necessary Before Considering Defendant's *Heck* Argument

The crux of Defendants' *Heck* argument is their contention that Ms. Danks was convicted of Battery of a Police Officer for conduct that occurred during the incident giving rise to her claims, and that because self-defense is a defense to a Battery of a Police Officer charge, her claims for excessive force resulting from the arrest are automatically barred. Mot. at 13-14. This oversimplifies the "analytical and fact-intensive" inquiry that is required to determine whether claims are barred under *Heck*. *See Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Defendants assert that the allegations in the Complaint arise out of a single continuous event of removing Danks from the vehicle, taking her to the ground, and handcuffing her. Mot. at 14. Ms. Danks, however, contends that the excessive force occurred *after* the interaction that was the basis for the conviction. Complaint ¶ 74.

The Fifth Circuit has made clear that "a claim that excessive force occurred *after* the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance" because the "factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." *Bush*, 513 F.3d at 498 (emphasis added) (holding that there was no *Heck* bar where the arrestee produced evidence that the alleged excessive force occurred after she stopped resisting arrest, and the fact findings essential to her criminal conviction were not inherently at odds with the excessive force claim). Defendants affidavits do not address, among other things, when Ms. Danks stopped resisting, how much force was used while "escorting" her to the ground, who stepped on her back, with what amount of force, and for how long. Ms. Danks is entitled to discovery in order to elicit factual details about the exact timing and sequence of events after the interaction with Defendant P. Grayson when he reached across her body to unbuckle her seatbelt. This information is necessary for Ms.

Danks to prepare an opposition establishing that the factual basis for her excessive force claims are not inherently at odds with her criminal conviction.

Importantly, Ms. Danks has pending at least the following discovery requests relating to the sequence of events on October 10, 2020:

- **Interrogatory No. 2 to Defendants Phillip Grayson, Daniel Grayson, Chase Lawler:** Describe in detail Your actions during the Incident.

- **Request For Admission No. 9 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Admit that You threw Plaintiff to the ground on her stomach after removing her from the Vehicle.

- **Request For Admission No. 10 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Admit that multiple officers were restraining Plaintiff when she was thrown to the ground.

- **Request For Admission No. 12 to Defendant Chase Lawler:** Admit that during the Incident, while Plaintiff was on the ground and handcuffed, You stepped on Plaintiff's back.

- **Request For Admission No. 13 to Defendant Chase Lawler:** Admit that during the Incident, while Plaintiff was on the ground and handcuffed, You applied enough pressure with Your foot to Plaintiff's back to bruise her.

*See* Burkhardt Decl. ¶¶ 6-8, Exs. 1-6. Without this discovery, as well as depositions, Ms. Danks cannot fully respond to Defendants' argument and the Court does not have the facts necessary to determine whether the *Heck* doctrine should bar the claims in this case. Ms. Danks is entitled to discovery on these issues before the Court makes any determination on summary judgment.

### 2. Additional Discovery is Necessary to Determine Whether the Officers Acted Reasonably and Are Entitled to Qualified Immunity

Defendants' qualified immunity defense also is not ripe for summary judgment. Once a defendant invokes qualified immunity, the burden shifts to plaintiff to demonstrate the inapplicability of the defense. *Kitchen v. Dallas County*, 759 F.3d 468, 476 (5th Cir. 2014). The law is clear that "a party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts

showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). Defendants recite this standard in their Motion but simultaneously request summary judgment before they have responded to discovery or sat for depositions, all of which is necessary for Plaintiff to set forth such specific facts beyond those already alleged in the Amended Complaint. That puts the cart before the horse. Ms. Danks must be afforded the opportunity to develop the factual record through written discovery and depositions so that she can effectively demonstrate the inapplicability of the qualified immunity defense to this case by setting forth the facts showing the specific circumstances of the incident beyond what she can recall from her own memory.

In fact, the standard that Defendants invoke—the *Graham* factors—is quite nebulous, resulting in courts establishing a "totality of the circumstances" analysis that is highly fact-specific. Courts have even gone so far as to reject bright-line rules in the analysis, noting that the balancing test required by *Graham v. Connor*, 490 U.S. 386 (1989), leaves the task of assessing the factors at issue in any given case to the jury and lower courts. *See Scott v. Harris*, 550 U.S. 372, 382 (2007). Plaintiff has propounded many written discovery requests that go towards establishing whether the officers were in fact acting reasonably in their interactions with Ms. Danks including:

- **Interrogatory No. 2 to Defendants Philip Grayson, Daniel Grayson, Chase Lawler:** Describe in detail Your actions during the Incident.
- **Interrogatory No. 4 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Describe in detail all of the facts and circumstances that you believe justified Your use of Force against Plaintiff during the Incident.
- **Request For Admission No. 2 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Admit that when You and other Kenner PD Officers approached the Vehicle after the Traffic Stop, Plaintiff had her hands in the air.
- **Request For Admission No. 7 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Admit that You did not attempt to de-escalate the situation

before resorting to using Force against Plaintiff.

- **Request For Admission No. 9 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Admit that You threw Plaintiff to the ground on her stomach after removing her from the Vehicle.

- **Request For Admission No. 10 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Admit that multiple officers were restraining Plaintiff when she was thrown to the ground.

- **Request For Admission No. 16 to Defendants Philip Grayson and Daniel Grayson/Request For Admission No. 17 to Defendant Chase Lawler:** Admit that Plaintiff did not attempt to flee during the Incident.

- **Request For Admission No. 12 to Defendant Chase Lawler:** Admit that during the Incident, while Plaintiff was on the ground and handcuffed, You stepped on Plaintiff's back.

- **Request For Admission No. 13 to Defendant Chase Lawler:** Admit that during the Incident, while Plaintiff was on the ground and handcuffed, You applied enough pressure with Your foot to Plaintiff's back to bruise her.

*See* Burkhardt Decl. ¶¶ 6-8, Exs. 1-6. This discovery, together with depositions, are necessary to allow Plaintiff to fairly address the inapplicability of the qualified immunity doctrine to these facts—including establishing whether the officers' actions were objectively reasonable under the circumstances.

### B. Additional Discovery Is Needed Regarding the *Monell* Claim

With respect to the *Monell* claim, discovery also is needed before the issue can be decided on summary judgment. Ms. Danks is entitled discovery into the Kenner Police Department's ("KPD's") procedures and policies. In their Motion, Defendants point to a statutory requirement, Mot. at 28, but there has been little discovery as to whether that requirement was met, and if so, what if any of that training addressed the use of force and/or treatment of passengers during traffic stops. Ms. Danks has served Defendants with a number of requests for information on similar topics related to traffic stops, use of force training, and related issues:

- **Interrogatory No. 12 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Describe in detail any Training You received since September 30, 2018 Concerning the use of Force during a Routine Traffic Stop.

- **Request for Admission No. 27 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Admit that You have not received any Training, since September 30, 2018, from the City of Kenner or Kenner PD Concerning racial discrimination.

- **Request for Admission No. 31 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Admit that You have not received any Training, since September 30, 2018, from the City of Kenner or Kenner PD Concerning the use of Force including, but not limited to, the use of excessive force.

- **Request for Admission No. 33 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Admit that You have not received any Training, since September 30, 2018, from the City of Kenner or Kenner PD Concerning the treatment of passengers during Routine Traffic Stops.

- **Request for Admission No. 35 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Admit that You have not received any Training, since September 30, 2018, from the City of Kenner or Kenner PD Concerning the Kenner PD Use of Force Policy.

- **Request for Production No. 13 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Since October 10, 2018, all Communications and Documents You have received from Kenner PD Concerning the treatment of vehicle passengers during Routine Traffic Stops.

- **Request for Production No. 16 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Since October 10, 2018, all Communications and Documents Concerning any Training on use of Force provided to You by Kenner PD.

- **Request for Production No. 18 to Defendants Philip Grayson, Daniel Grayson, and Chase Lawler:** Since October 10, 2018, all Communications and Documents Concerning any policy on the use of Force provided to You by Kenner PD.

*See* Burkhardt Decl. ¶¶ 6-9, Exs. 1-9; *see also id.* ¶ 7, Exs. 1-3 (RFA Nos. 24, 25, 26, 29, 30, 32, 34, 36, 38), and *id.* ¶ 9, Exs. 7-9 (RFP Nos. 14, 15, 17). Without this discovery, as well as depositions, Ms. Danks cannot meaningfully respond to allegations regarding the adequacy of training that is obviously needed by any police officer who regularly engages in vehicle stops.

This information is exclusively within Defendants' control, which further supports allowing discovery prior to addressing summary judgment on this claim. *See, e.g.*, *Int'l Shortstop*, 939 F.2d at 1267. In their Motion, Defendants point to training requirements posted on the KPD website and unverified summaries of purported training topics plus an unverified page from an operations manual. Mot. at 28-29. Ms. Danks is entitled to explore through discovery the meaning of the unverified documents, whether KPD officers actually are trained and on what specific topics, as well as the content of the training itself. She also is entitled to discovery regarding facts that would show an obvious need for training specific to use of force against automobile passengers who are sitting with their hands in the air, in addition to any other policies and training specific to traffic stops, the use of force, and the treatment of passengers during traffic stops. And that discovery is necessary before a determination can be made regarding whether there is sufficient evidence to support Ms. Danks' *Monell* claim.

### C. Additional Discovery Is Needed Regarding Remaining Claims and Facts

Defendants' remaining requests for summary judgment are for Plaintiff's state law Assault, Battery, Conversion, and Vicarious Liability Claims. These too require discovery in order to be ripe for a summary judgment motion for many of the same reasons discussed above.

With respect to Plaintiff's state law Assault and Battery Claims against Defendants P. Grayson, D. Grayson, and Lawler, Defendants' argue that these claims are barred based on the same *Heck* premise as the § 1983 Excessive Force claims. Mot. at 31. Plaintiff needs additional discovery before summary judgment on these claims is appropriate for the same reasons discussed above. *See supra* Section A. In order to adequately address the arguments in Defendants' Motion in an opposition, Ms. Danks must, at a minimum, receive responses to her outstanding discovery requests that seek information about the sequence of events which would

show that *Heck* is inapplicable here. Moreover, with respect to the assault count, Defendants rely on factual assertions regarding their weapons that Ms. Danks has had no opportunity to explore in discovery. Mot. at 32-33.

With respect to Plaintiff's Conversion Claims against Defendants Philip Grayson, Daniel Grayson, and Chase Lawler, Defendants argue that Ms. Danks can offer no evidence to support that her cell phone or wallet was converted by them. Mot. at 33. Defendants, however, have not responded to a number of discovery requests targeting this exact issue, including:

- **Request For Admission No. 16 to Defendants Phillip Grayson and Daniel Grayson/ Request For Admission No. 22 to Defendant Chase Lawler:** Admit that You had possession of Plaintiff's cell phone at some point during the incident.
- **Request For Admission No. 17 to Defendants Phillip Grayson and Daniel Grayson/ Request For Admission No. 23 to Defendant Chase Lawler:** Admit that You had possession of Plaintiff's wallet at some point during the incident.
- **Request For Admission No. 18 to Defendants Phillip Grayson and Daniel Grayson/ Request For Admission No. 24 to Defendant Chase Lawler:** Admit that You did not log Plaintiff's cell phone into evidence at the City of Kenner Jail or Kenner Police Department.
- **Request For Admission No. 19 to Defendants Phillip Grayson and Daniel Grayson/ Request For Admission No. 25 to Defendant Chase Lawler:** Admit that You did not log Plaintiff's wallet into evidence at the City of Kenner Jail or Kenner Police Department.

*See* Burkhardt Decl. ¶¶ 6-7, Exs. 1-3. Defendants' Motion also relies on a property receipt that does not list her phone and wallet, Mot. at 34, but that does not mean that the phone and wallet were not present during the incident or that Ms. Danks was not in possession of them earlier. Moreover, additional discovery is necessary here to understand what was said to Mr. Danks about the receipt and whether Ms. Danks was told that she needed to ensure that all of the property that she had that day was listed there. Finally, Defendants nitpick Ms. Danks' emails to KPD about her phone and wallet, *id.*, but their points are unpersuasive: she said that her belongings were

missing and would not have brought them up if she was not obviously requesting them back or trying to get information about their whereabouts. In any case, many factual issues here remain to be developed through depositions and written discovery.

With respect to vicarious liability, Defendants assert that the City of Kenner cannot be held vicariously liable for the actions of its employees because Ms. Danks cannot successfully maintain any claims against the City of Kenner's employees. However, as described throughout, Ms. Danks has not had the opportunity to obtain discovery or depositions necessary to oppose the arguments made by Defendants for summary judgment as to the officer defendants. Thus, determination as to the liability of the City of Kenner for its officer employee's conduct must be stayed until discovery is conducted.

## CONCLUSION

For these reasons, Ms. Danks respectfully submits that her Rule 56(d) Motion should be GRANTED and Defendants' Motion (ECF No. 50) should be DENIED and/or STAYED as set forth herein.

Respectfully submitted,

Dated: August 17, 2022

*/s/ Michael Balascio*

Michael A. Balascio (LA Bar No. 33715)
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701
mbalascio@barrassousdin.com

Nora Ahmed (admitted *pro hac vice*)
Erin Bridget Wheeler (LA Bar No. 37546)
AMERICAN CIVIL LIBERTIES UNION OF
LOUISIANA
1340 Poydras Street, Suite 2160
New Orleans, Louisiana 70112
Telephone: (504) 444-6046
nahmed@laaclu.org

bwheeler@laaclu.org

and

Steven M. Schatz (admitted *pro hac* vice)
David J. Berger (admitted *pro hac vice*)
Mikaela Burkhardt (admitted *pro hac vice*)
Cristina Mora (admitted *pro hac vice*)
Courtney Reed (admitted *pro hac vice*)
Jacob Shepherd (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
sschatz@wsgr.com
dberger@wsgr.com
mburkhardt@wsgr.com
cmora@wsgr.com
courtney.reed@wsgr.com
jshepherd@wsgr.com

Tonia Ouellette Klausner (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
tklausner@wsgr.com

John C. Roberts, Jr. (admitted *pro hac* vice)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
jroberts@wsgr.com

Stephanie C. Cheng (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West 5th Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Stephanie.cheng@wsgr.com

*Attorneys for Plaintiff Jacinta Danks*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been forwarded to all counsel of record by hand, electronic filing, facsimile, email, and/or depositing a copy of same in the U. S. mail, postage prepaid and properly addressed this 17th day of August 2022.

/s/ *Michael A. Balascio*