**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| JACINTA DANKS,<br><br>*Plaintiff*,<br><br>v.<br><br>PHILLIP GRAYSON, DANIEL GRAYSON, CHASE LAWLER, NICHOLAS GAGLIANO, NATHAN HODGES, JOSHUA ZURITA, BRITTANY MAYER, JEFFREY FITZMORRIS, BRANDON MCCORMICK, VICTORIA SCHOEN, MICHAEL J. GLASER, and THE CITY OF KENNER,<br><br>*Defendants*. | ) | CIVIL ACTION NO. 2:21-cv-1806<br><br>Judge Carl J. Barbier<br><br>Magistrate Judge Janis van Meerveld |

**DECLARATION OF MIKAELA BURKHARDT**

1. I am a resident of California, over the age of majority, and the following declaration is based upon my personal knowledge.

2. I am an attorney at the law firm of Wilson Sonsini Goodrich & Rosati PC, which along with co-counsel is pro bono counsel to Plaintiff Jacinta Danks ("Ms. Danks" or "Plaintiff") in the above-referenced action.

3. On March 28, 2022, Plaintiff Ms. Danks served Plaintiff's First Set of Requests for Production to Defendant P. Grayson, Plaintiff's First Set of Requests for Production to Defendant D. Grayson, Plaintiff's First Set of Requests for Production to Defendant Lawler, as well as Plaintiff's First Set of Requests for Production to each of the Bystander Defendants (Defendants Zurita, Gagliano, Mayer, McCormick, Fitzmorris, Hodges, and Schoen) and to Defendant Glaser.

4. Defendants P. Grayson, D. Grayson, Lawler, and the Bystander Defendants provided their responses to Plaintiff's First Set of Requests for Production on June 29, 2022. Defendant Glaser provided his responses to Plaintiff's First Set of Requests for Production on July

6, 2022. These productions largely consisted of the same documents that Defendants had already produced in response to Plaintiff's prior public records request.

5. On July 18, 2022, Plaintiff Ms. Danks served Plaintiff's First Set of Requests for Admission to Defendant P. Grayson, Plaintiff's First Set of Requests for Admission to Defendant D. Grayson, Plaintiff's First Set of Requests for Admission to Defendant Lawler, Plaintiff's First Set of Interrogatories to Defendant P. Grayson, Plaintiff's First Set of Interrogatories to Defendant D. Grayson, Plaintiff's First Set of Interrogatories to Defendant Lawler, as well as Plaintiff's First Set of Requests for Admission and Plaintiff's First Set of Interrogatories to each of the Bystander Defendants.

6. The discovery requests served by Plaintiff to Defendants P. Grayson, D. Grayson, and Lawler seek facts and information that Plaintiff needs to develop her opposition, including information relating to the sequence of events on October 10, 2020; whether the officers acted reasonably in their interactions with Ms. Danks; training the officers received including on topics related to traffic stops, use of force training and related issues; and Plaintiff's cellphone and wallet.

7. True and accurate copies of Plaintiff's First Set of Requests for Admission to Defendants P. Grayson, D. Grayson, and Lawler are attached hereto as **Exhibits 1, 2, & 3**, respectively.

8. True and accurate copies of Plaintiff's First Set of Interrogatories to Defendants P. Grayson, D. Grayson, and Lawler are attached hereto as **Exhibits 4, 5, & 6**, respectively.

9. True and accurate copies of Plaintiff's First Set of Requests for Production to Defendants P. Grayson, D. Grayson, and Lawler are attached hereto as **Exhibits 7, 8, & 9**, respectively.

10. Defendants have yet to respond to any of Plaintiff's First Set of Requests for Admission or Plaintiff's First Set of Interrogatories. No depositions have been scheduled or taken in this action.

11. As explained through the accompanying Motion, Plaintiff needs further discovery regarding the actions of Defendants during the incident, the communication and movement between the "two" crime scenes, the sequencing of events, whether the event unfolded as a single continuous incident or one with definable stages, and who did or did not witness it, whether the area is a "high crime" area and all of the other "facts and circumstances" confronting the officers on the night of the incident in order to. Indeed, Plaintiff needs deposition discovery regarding the assertions made in the Defendants' affidavits and potential contradictions between those assertions and what is said in police reports.

12. On August 15, 2022, around 10:15 p.m. PST, I emailed Defendants' counsel and provided case law showing that Defendants' summary judgment motion was inappropriate at this time and should be withdrawn. Defense counsel nevertheless refused to withdraw the motion for summary judgment.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 16, 2022

*/s/ Mikaela Burkhardt*
Mikaela Burkhardt